J. B. CRISLER ET AL. v. H. T. WHADLEY, TRUSTEE.

[59 South. 886.]

1. ESTOPPEL. *Persons affected. Persons estopped. Trust deed. Beneficiary. Trustee.*

Where one by his words or conduct willfully causes another to believe the existence of a certain state of facts and thereby induces him to act on that belief so as to alter his condition, the former is precluded from averring against the latter a state of things different from that represented.

2. ESTOPPEL. *Deed of trust. Beneficiary. Trustee.*

Where a beneficiary is estopped a trustee is likewise estopped in a suit for the recovery of personal property under the terms of the deed of trust.

APPEAL from the circuit court of Yazoo county.

HON. W. A. HENRY, Judge.

Suit by W. T. Whadley, trustee, in replevin against J. B. Crisler. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Holmes & Holmes,* for appellant.

The appellee is merely a nominal plaintiff, and the court does not regard him at all, but regards the real beneficiary in the suit, which is the Pickett-Franklin Co. One nominal plaintiff may be substituted for another. See *Denton* v. *Stephens,* 32 Miss. 194. The death of a nominal plaintiff does not abate action. Sec. 725, Code, 1906. An amendment to a suit in the circuit court by which the holder of a legal title is made nominal plaintiff is authorized by section 775 of Code 1906. See, also, *Montague* v. *King,* 37 Miss. 441; *Tully* v. *Herring,* 44 Miss. 626.

"The doctrine of estoppel, which shuts off the vendor who has warranted a clear title from asserting a claim against that title which he has conveyed and warranted, has been applied to conveyances of personalty, and the rule seems to be established that, in sales of personalty, even without any express covenant of warranty, the title afterwards acquired by a vendor in property which he has sold, passes to the grantee." 11 Am. & Eng. Ency. Law (2 Ed.), pages 411 and 412 and notes, citing, in note on page 412, *Clark* v. *Slaughter,* 34 Miss. 65, a case where a husband sold a slave belonging to his wife, who afterwards dies without issue, leaving the husband her heir and it was held that the title of the purchaser to the slave thereby became perfect.

See, also, on the question of estoppel, *Shannon* v. *Rester,* 69 Miss. 238; *Tennyson* v. *Silverberg,* 77 Miss. 750.

It is clear that the Pickett-Franklin Co. cannot attack the title it warranted. But the lower court said that

while undoubtedly the corporation itself would be es-
topped if it had brought the suit, yet this suit was
brought by the substituted trustee, and that the substi-
tuted trustee was not estopped.

We claim further that there was no substituted trustee
because the beneficiary was estopped to appoint a sub-
stituted trustee under the facts in evidence.

There is then, but one question for the court to de-
cide: when the beneficiary in a deed of trust is legally
estopped to foreclose under it, can that beneficiary nev-
ertheless appoint a substituted trustee and direct him to
foreclose? If so, the beneficiary under a deed of trust
can never be estopped, and the doctrine of legal estop-
pel might just as well be totally abrogated as to bene-
ficiaries in trust deeds, it matters not how unconsciona-
ble their conduct. We will simply cite the Mississippi
case of *Walton* v. *Hollis,* 16 So. 260, which was a re-
plevin suit against a trustee who had seized personal
property under a deed of trust. In that case the con-
duct of the beneficiary had estopped him from foreclos-
ing the deed of trust, and this court held that the trustee
was also estopped. After reviewing the evidence, Judge
Wood simply said: ''Is not the appellant estopped?''
The jury of the vicinage in the magistrate's court, and
the verdict of twelve men in the circuit court, and the
just judgment of the learned judge below, have all an-
swered with one voice: ''Affirmed.''

How different the action of the court in the case at
bar. The learned judge would not even let twelve men
pass upon the facts, but gave a peremptory instruction
for the substituted trustee. This was tantamount to hold-
ing that notwithstanding the Pickett-Franklin Co. had
possession of the mule and claimed to be the owner; not-
withstanding Mr. Franklin represented to Collins at the
time of the trade that Cage had turned the mule over
to him in satisfaction of the trust deed; notwithstanding
there was a *bona fide* unconditional trade made as testi-

fied to by George Collins; notwithstanding the jury might believe the corporation's conduct to be shameful and to estop it from denying the title it had warranted; nevertheless, although the company is estopped, it may claim that the deed of trust which it had treated as dead, is not dead but sleepeth; it may awake that deed of trust, may appoint a disinterested trustee, may direct him to take charge of the property, sell the same and pay the proceeds over to its estopped self. Or in case of possible collusion between the beneficiary and the trustee, simply deliver the mule to it. In other words, it may do through another what it could not do itself. The trustee is the mere agent of the beneficiary. See S. & M. Chy. 67, *Everett* v. *Winer*.

*Barbour & Henry,* for appellee.

The brief of learned counsel for the appellants cites some authorities as to what he calls nominal plaintiffs, and states that the appellee, being a nominal plaintiff, the court does not regard him at all, but regards the real beneficiary in the suit, which is the Pickett-Franklin Co. He further quotes from the 11 Am. & Eng. Ency. of Law that the doctrine of estoppel applies to personal property as well as to the real estate. He overlooks the fact, however, that the plaintiff in this suit is H. T. Wadley, trustee, and not the Pickett-Franklin Co. He even goes so far as to cite, in support of his contention, that the trustee is estopped by the conduct of the Pickett-Franklin Company, the case of *Walton* v. *Hollis,* 16 So. 260. We hold that this case does not apply at all, for the reason that the facts are not similar. In the case at bar, there can be no contention but that the legal title to the property in controversy is in H. T. Wadley, trustee, and that it was never in the Pickett-Franklin Co. In the case cited, *Walton* v. *Hollis,* there was no question but that the property was owned by the plaintiff in that suit, and the case was decided on the ground that the de-

fendant was estopped for the reason that he had sold
property under the deed of trust, and thereby satisfied
the same, but wrongfully applied the proceeds. The
court held that he was estopped for this reason. There
is no such question in this case.

The learned counsel cites a few detached parts of the
transcript in the testimony of Mr. Franklin, and also
of Geo. Collins. If there was anything in this contention
of estoppel, these citations would not prove it, for the
reason that the whole testimony of George Collins shows
that he and his wife knew the whole circumstances under
which the Pickett-Franklin Co. claim the Jim Cage mule,
and if there was any misunderstanding, it was the same
misunderstanding on the part of both, as both thought
that they had a right to deal with the mule, as the testi-
mony of both shows that there was a trade of some
kind.

Had the suit been brought in the name of Pickett-
Franklin Co., the beneficiaries in the deed of·trust, in-
stead of their being granted a peremptory instruction
in favor of the plaintiff, counsel for the defendant would
have asked for peremptory instruction on the ground
that the suit was not properly brought; that the Pickett-
Franklin Co., had no title whatever to the property in
question, but that the record showed the legal title to
be in the trustee, by virtue of the deed of trust from
Jim Cage to E. M. Pickett. It is quite likely that the
doctrine of estoppel would not have been presented in
that case, as it is quite likely that a peremptory instruc-
tion would have been granted to the defendants.

The real merits of the controversy between Rosa Col-
lins and the Pickett-Franklin Co. cannot be effected by
the outcome of this suit, for the reason that, if there is
any merit in her claim, it will not be lost by virtue of a
judgment in favor of H. T. Whadley, trustee, as it is
necessary to divest Jim Cage of his title to the mule. In
the event the said property is awarded to the trustee, he

will be forced to advertise the same and sell according
to law. It is not necessary for us to suggest the reme-
dies, in that event, which the said Rosa Collins would
have against the Pickett-Franklin Co., further than to
say that she would have a right, if the facts as contended
by her are true, to claim the proceeds of the sale against
the Pickett-Franklin Co. It should be borne in mind
by the court that the mule, which is alleged to have
been swapped by George Collins, has been tendered to
him, and that the tender remains open, and therefore the
controversy between Rosa Collins and the Pickett-Frank-
lin Co. has been placed in the position it was at the time
of the alleged swapping, and for that reason, both the
Pickett-Franklin Co. and Rosa Collins would, by this
tender, be placed in the same relative positions that they
were before the alleged swapping.

In support of the right of H. T. Whadley, trustee, to
bring replevin for the property in dispute in this case,
we cite the case of *Jacob Meyer* v. *Mosler, Bahan & Co.,
use of H. H. Warner,* 64 Miss. 610, part of the opinion
reading as follows:

"It is well settled that an action of replevin cannot
be brought in the name of one person, for the use of
another, for the action involved nothing but legal rights,
and, if equities are to be settled, another form of action
must be resorted to. The name of the usee therefore may
be treated as a surplusage, but a controversy can only
be had where it is shown that the plaintiff (nominal
plaintiff) is entitled to recover." Citing *Hundley* v.
*Buckner,* 6 S. & M. 70; *Brown* v. *Thomas,* 28 Miss. 286;
*Lee* v. *Gardiner,* 28 Miss. 521; *Pierce* v. *Twitchell,* 41
Miss. 344.

Also the case of *W. E. Spears* v. *C. L. Robinson,* 71
Miss. 774, wherein the court holds that it was error to
grant the following instruction:

"The court charges the jury that, if they believe from
the evidence that the two bales of cotton and fifteen hun-

dred pounds of seed cotton were raised by Tom Reeves, and if the jury further believe from the evidence that the two bales of cotton and fifteen hundred pounds of seed cotton levied on were delivered to P. W. Spears by Tom Reeves on the debt due him, the court instructs the jury that this suit, in the name of W. E. Spears, for the said two bales of cotton and fifteen hundred pounds of seed cotton, can be maintained, and as to said two bales of cotton and fifteen hundred pounds of seed cotton, they must find for defendant regardless of whether any rent was due him or not.''

Under these decisions, regardless of whether the said Jim Cage surrendered the mule, or whether the Pickett-Franklin Co. assumed to treat it as their own, the trustee in the deed of trust is not estopped from foreclosing the same, and we hold that the decision of the lower court should be affirmed, and if the said Rosa Collins has any rights, they can be protected..

REED, J., delivered the opinion of the court.

This case is about a mule named Alice. She was owned by Jim Cage, who included her in a deed of trust executed by him and his wife to secure an indebtedness owing to E. M. Pickett. Mr. Pickett assigned the deed of trust to Pickett-Franklin Company, a mercantile corporation, his successor in business. Cage was doing business with the Pickett-Franklin Company, who held the deed of trust, which covered not only the live stock but also his crops for the year 1909. Cage abandoned his crops and the mule Alice, and removed from the premises he was occupying and cultivating. The Pickett-Franklin Company thereupon took possession of the crops and the mule. Afterwards, the Pickett-Franklin Company traded Alice to Rosa Collins, one of the appellants, for a mule named Willie. Appellant Collins had possession of Alice from January to June, 1910. Willie was sold to Billy Procter. It appears from the

record that Proctor included the mule Willie in a deed
of trust executed by him in January, 1910, to secure an
indebtedness owing the Pickett-Franklin Company. Ap-
pellant Rosa Collins executed a deed of trust to appel-
lant J. B. Crisler, trustee, to secure an indebtedness
owing to B. Crisler, in which was included the mule
Alice. It seems from the testimony that Proctor became
dissatisfied with the mule Willie and returned him to
the Pickett-Franklin Company, and thereupon the com-
pany demanded that appellant Collins should return
Alice, and that the trade be declared off. This appel-
lant Collins refused to do.

The deed of trust executed by Cage and wife author-
izes the third party therein, E. M. Pickett, or any lawful
holder of the indebtedness, to at any time appoint a
trustee in the place of the one named in the deed of
trust. It also provides that at the request of the third
party, or the legal holder of the indebtedness, the trustee
shall take possession and deal with the property incum-
bered. On June 23, 1910, the Pickett-Franklin Company,
through H. L. Franklin, president, by entry of the mar-
gin of the record of the deed of trust, appointed appel-
lee, W. T. Whadley, trustee in the place of J. D. Rus-
sell, the original trustee, deceased. Whadley, the sub-
stituted trustee, on the next day, June 24, 1910, brought
replevin suit for the recovery of the mule Alice. It is
clear that the Pickett-Franklin Company is estopped
from bringing suit against appellant Rosa Collins for
the recovery of the mule. It was decided in the case of
*Tobin* v. *Allen,* 53 Miss. 563, that: "Where one by his
words or conduct willfully causes another to believe the
existence of a certain state of things, and thereby in-
duces him to act on that belief, so as to alter his con-
dition, the former is precluded from averring against
the latter a state of things different from that repre-
sented."

It is contended that the Pickett-Franklin Company is not a party to this suit, and that the case cannot be controlled by any doctrine of estoppel which would apply to it; that, no matter what may be said of the facts showing that the Pickett-Franklin Company had made a trade with appellant Collins whereby the company sold and delivered the mule to her, this suit is only brought by the trustee for the sole purpose of obtaining the legal possession of the property. It will be noted from the foregoing statement of the facts that the mule had been abandoned, its possession given up by Cage, the original owner and mortgagor, and that the Pickett-Franklin Company, the mortgagee, had received the possession of the mule, and dealt with the animal as its own. Would not all this amount to a surrender of the property by the mortgagor to the mortgagee, so that its value might be applied to the indebtedness secured by the lien of the deed of trust? Certainly the Pickett-Franklin Company acted as if this was true. All of the dealings with the mule go to show that the animal had been in effect turned over under the deed of trust to the Pickett-Franklin Company the holder of the indebtedness. The original owner of the mule, Jim Cage, is not claiming any title or right in the animal. The only necessity for a trustee's acting in the case would be to foreclose the deed of trust and sell the animal. The possession of the mule was already out of Cage, the mortgagor, and in the Pickett-Franklin Company, the mortgagee. Appellee Whadley, as trustee, was not acting at the request of Cage, asking that the mule be taken from appellant Collins, but he was appointed by the Pickett-Franklin Company, and immediately, according to the terms of the deed of trust, at the company's request, proceeded to recover possession of the mule. For whom? Not for Cage, but for the benefit of the Pickett-Franklin Company. Certainly it can be concluded that the party who is really interested in the success of this suit and the

recovery of the mule is the Pickett-Franklin Company, and that appellee Whadley, as trustee, is only nominally a party, and acting for and in behalf of the Pickett-Franklin Company.

After a full consideration of all the facts of this case, it must be decided that the appellant should be permitted to present to the jury as their defense the facts shown by the testimony and exhibits in this case. It appears in the case of *Walton* v. *Hollis,* 16 South. 260, this court has held that, where a beneficiary is estopped, a trustee is likewise estopped in the suit for the recovery of personal property under the terms of the deed of trust.

*Reversed and remanded.*